UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

KATHERINE CORDELL,                  )
                                    )
                 Plaintiff,         )
                                    )
v.                                  )          No. 1:13-cv-137
                                    )          Phillips/Lee
TOWN OF SIGNAL MOUNTAIN,            )
*et al.*,                           )
                                    )
                 Defendants.        )

## MEMORANDUM OPINION

This civil action is before the Court on several pending motions. Plaintiff has moved for permission pursuant to Fed. R. Civ. P. 15(a)(2) for leave to file a second amended complaint [Doc. 56]. Defendants Lizetta Eitner, William Cox, Town of Signal Mountain, Signal Mountain Police Department, Barbara Wright, Susan Rothberger, and Thomas Wyatt have filed responses in opposition to the motion [Docs. 58, 59, 61, 62, 63, 64]. Additionally, all of the currently named defendants who have been served have filed motions to dismiss [Docs. 24, 38, 40, 44, 47, 49, 54, and 67]. Plaintiff filed a single response to all of the pending motions to dismiss [Doc. 69], but it was timely only as to the motion filed by Sheriff Hammond and Officers McCann, Freeman, and Wolfe [Doc. 67]. *See* E.D. Tenn. L.R. 7.1(a), 7.2. Thus, the pending motions are ripe for determination.

## I.    Plaintiff's Motion to Amend

It is worth noting that plaintiff's motion to amend contains no reasons in support of her request to amend per Fed. R. Civ. P. 15(a)(2); the pleading is simply 188 pages of her proposed second amended complaint.  It is also worth noting that plaintiff's motion was filed after most of the defendants had filed motions to dismiss.  The defendants oppose the proposed second amended complaint on the grounds that it fails to satisfy the "short and plain statement of the claim" requirement of Fed. R. Civ. P. 8(a) and that the amendment is futile because the claims would not survive a motion to dismiss.

Rule 8 states, in relevant part, as follows:

> **(a) Claim for Relief.**  A pleading that states a claim for relief must contain:
> **(1)** a short and plain statement of the grounds for the Court's jurisdiction, unless the Court already has jurisdiction and the claim needs no new jurisdictional support;
> **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and
> **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8.  "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright,* 477 F.3d 1140, 1148 (10th Cir. 2007).  The statement of the claim must be "plain" because "the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial."  *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir. 1988).  The statement should also be short because "unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select

the relevant material from a mass of verbiage." *Id.* (quotations omitted); *see also Vicom, Inc. v. Harbridge Merch. Servs., Inc.,* 20 F.3d 771, 775–76 (7th Cir. 1994) (noting that a complaint that is "prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation"). A court is not obligated to "stitch together cognizable claims for relief from [a] wholly deficient pleading" filed by a plaintiff. *Mann*, 477 F.3d at 1148; *see, e.g. Plymale v. Freeman,* No. 90-2202, 1991 WL 54882, at *1 (6th Cir. Apr. 12, 1991) (affirming district court's dismissal of 119 page "rambling complaint").

Plaintiff is proceeding *pro se* and "the allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a *pro se* complaint will be liberally construed." *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991) (citing *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)); *see Haines v. Kerner,* 404 U.S. 519, 520 (1972). However, the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir. 1996). Courts have not been "willing to abrogate basic pleading essentials in *pro se* suits." *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989) (citing cases). Liberal federal pleading standards do not permit litigants—even those acting *pro se*—to proceed on pleadings that are not readily comprehensible. *Cf. Becker v. Ohio State Legal Servs. Ass'n,* 19 F. App'x 321, 322 (6th Cir. 2001) (upholding district court's dismissal of *pro se* complaint containing "vague and conclusory allegations unsupported by material facts"); *Janita Theresa Corp. v. United States Attorney,* No. 96–1706, 1997 WL 211247, at *1

3

(6th Cir. Apr. 28, 1997) (upholding district court's dismissal of *pro se* complaint whose allegations were "far too muddled to serve as a basis for a proper suit").

The proposed second amended complaint [Doc. 56] is 188 pages long and over 1492 numbered paragraphs. The proposed second amended complaint contains a recitation of events beginning with plaintiff's initial move to Signal Mountain in 1993, twenty years before the initiation of this case. Many of those paragraphs are simply lists of telephone calls made to or from some of the named defendants with little or no further explanation or connection. [*See, e.g.,* Doc. 56 at ¶¶ 161—261, 290—614, 661—776, 778—855.] The proposed second amended complaint contains numerous lengthy paragraphs which appear to be verbatim transcriptions of letters, pleadings filed in other cases, or other "documentation" containing plaintiff's various grievances, theories, and proposals. [*See e.g., id.* at ¶¶ 615, 660, 864, 896, 975, 1070—71, 1087—89, 1251, 1299, 1359, 1418, 1420.] The proposed second amended complaint contains allegations concerning former landlords who forced plaintiff to move out, neighbors who gossiped about her, former in-laws who have conspired against her, local police and school officials who have harassed her, her challenges raising three children as a single parent, theories on religion and societal ills, a "school to prison pipeline" which may be promulgated by some of the defendants, and plaintiff's proposed solution to ending said pipeline. [*See e.g., id.* at ¶¶ 26, 30, 62, 110, 1161, 1360—64, 1371, 1418, 1422—24, 1431.] The proposed amended complaint also contains excerpts from statutes and legal digests. [*See e.g., id.* at pp. 168—84.] The legal citations are not tied to any of the defendants or the preceding factual allegations. In short, the Court finds that the

4

proposed amended complaint is verbose, prolix, repetitive, and confusing and fails to meet the "short and plain" requirements of Fed. R. Civ. P. 8(a). The Court also finds that the proposed second amended complaint, to the extent the claims can be discerned, is futile for the reasons discussed *infra* regarding the motions to dismiss. *Midkiff v. Adams County Regional Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005) (a motion to amend may be denied for futility "if the court concludes that the pleading as amended cannot withstand a motion to dismiss.").

Accordingly, the plaintiff's motion to amend [Doc. 56] will be **DENIED**.

## II.     Defendants' Motions to Dismiss

A.     <u>Standard of Review</u>

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard, *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004), requiring only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the [opposing party] fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do," nor will "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a Rule 12(b)(6) motion to dismiss[1], a court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, draw all reasonable inferences in favor of the plaintiff, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will [ultimately] . . . be a context-specific task that requires th[is Court] to draw on its judicial experience and common sense." *Id.* at 679.

B.    Plaintiff's Statutory Claims

As noted initially, all of the defendants who have been served have filed motions to dismiss. Notably, these motions test the sufficiency of plaintiff's first amended complaint [Doc. 5]. The only legal allegations in the amended complaint are: "Under the Color of Law, as per 18 USC §§§ [sic] 241, 242, 245; Title 42 U.S.C., Section 3631, 14141; The 5th and 14th Amendments, Katherine Cordell is entitled [sic] financial restitution and criminal charges should be placed on individuals involved in the abuse of police power with intent to and causing harm." [Doc. 5 at p. 3.] The amended complaint

---

[1] Although some of the motions to dismiss also reference Rule 12(c), motions for judgment on the pleadings and motions to dismiss are reviewed under the same standard. *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). That is, "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *Id.* To the extent that some of the defendants have moved to dismiss for lack of jurisdiction pursuant to Rule 12(b)(1), the Court has reviewed those arguments, but found sufficient grounds to rule on whether the amended complaint states a claim for relief under Rule 12(b)(6).

concludes with a request for monetary judgments and "request the persons guilty of the Abuse of Police Power, whether citizens or public employees, be criminally charged to the fullest extent of the law according to their guilt. The Plaintiff request [sic] all public officials found guilty of the Abuse of Police power be relieved of their position of power as allowed by and prescribed for those in a position of authority and according to their position and oaths to their Professional Responsibility." [Doc. 5 at p. 6.]

To the extent that plaintiff alleges claims against any of the defendants under 18 U.S.C. §§ 241, 242, and 245, those are criminal statutes for violations of civil rights which do not provide a private right of action. *Booth v. Henson*, 290 F. App'x 919, 920—21 (6th Cir. 2008) (a private citizen lacks standing to file an action under §§ 241 and 242); *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (same); *Moore v. Potter*, 47 F. App'x 318, 320 (6th Cir. 2002) (no private right of action under § 242); *Deal v. Polk County, Tennessee*, No. 1:03-CV-385, 2007 WL 1387918, at *14 (E.D. Tenn. May 8, 2007) (§ 245 is a criminal statute "which does not give rise to any civil cause of action") (quoting *Marshall v. Johnson*, No. Civ. A. 3:05CV2615, 2005 WL 1214254, at *5 (W.D. Ky. May 19, 2005)). Only state or federal prosecutors may bring a complaint under these statutes. *Id.* Similarly, 42 U.S.C. § 3631, part of the Fair Housing Act, is also a criminal statute under which there is no private cause of action. *McZeal v. Ocwen Fin. Corp.*, No. 00-20817, 2001 WL 422375, at *2 (5th Cir. Mar. 28, 2001); *Thomas v. Miramar Lakes Homeowners Ass'n*, No. 4:13-CV-1479, 2014 WL 3897809, at *6 (S.D. Tex. Aug. 6, 2014); *M.F. ex rel. Branson v. Malott*, No. 1:11-CV-807, 2012 WL 1950274, at *7 (S.D. Ohio May 30, 2012); *Blechinger v. Sioux Falls Housing &*

7

*Redevelopment Comm'n*, Civ. No. 12-4004-KES, 2012 WL 174653, at *3 (D.S.D. Jan. 20, 2012). Finally, 42 U.S.C. § 14141(a) only applies to conduct by law enforcement officers or by employees of governmental agencies "with responsibility for the administration of juvenile justice or the incarceration of juveniles" and does not create a private cause of action. *CP, ex rel. Powell v. Tennessee*, No. 3:10-CV-126, 2010 WL 2598105, at *3 (E.D. Tenn. June 24, 2010) ("Section 14141 does not recognize a private right of action"); *Hopson v. Secret Service*, No. 3:12CV-770-H, 2013 WL 504921, at *2 (W.D. Ky. Feb. 8, 2013). Thus, none of the cited statutory provisions in the amended complaint give rise to a private cause of action.

C.  Plaintiff's Conspiracy Claims

The Court notes that the plaintiff vaguely and generally alleges a conspiracy among some or all of the defendants [Doc. 5 at p. 5]. Although not cited in the amended complaint, 42 U.S.C. §1985 creates a "cause of action against those who *conspire* to obstruct justice, or to deprive any person of equal protection or the privileges and immunities provided by the Constitution." *Jaco v. Bloechle,* 739 F.2d 239, 245 (6th Cir. 1984) (emphasis added). To establish a claim under § 1985, plaintiff must allege "(1) a conspiracy involving two or more persons (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws and (3) an act in furtherance of the conspiracy (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States." *Johnson v. Hills & Dales Gen. Hosp.,* 40 F.3d 837, 839 (6th Cir. 1994). Conspiracy claims, even those brought via § 1985, must be pleaded with specificity. *Jaco,* 739 F.2d at 245; *Selzer v.*

8

*County of Allegan,* No. 99–1368, 2000 WL 658068, at *2 (6th Cir. May 9, 2000). Therefore, the complaint must set forth factual allegations to support the underlying conspiracy claim in order to survive a 12(b)(6) motion; a complaint that broadly alleges negligence with no further factual allegations is insufficient. *Gutierrez v. Lynch,* 826 F.2d 1534, 1538 (6th Cir. 1987). To the extent that the amended complaint could be liberally construed as asserting a claim for conspiracy under § 1985, the Court finds that any such claim fails for lack of specificity.

      D.     <u>Plaintiff's Response to the Motions to Dismiss</u>

While the Court has carefully reviewed plaintiff's response to the motions to dismiss [Doc. 69], it provides no further illumination as to the claims asserted and suffers from many of the same shortcomings as her proposed second amended complaint discussed *supra.* In addition to restating many of the vague and confusing allegations of the amended complaint, plaintiff's response describes an ill-defined "toxicology campaign," a conspiracy with the TBI (Tennessee Bureau of Investigation), human trafficking, the privatization of probation in Alabama, and the privatization of Social Security. How all of this relates to cognizable claims against these defendants remains unclear. Plaintiff suggests that she is unable to comply with the rules of the Court because of her poor health. While a *pro se* party's pleadings will be construed liberally, as discussed *supra*, "she will not be relieved of the responsibility to comply with the basic rules of court." *Brown v. Woodward*, No. 95-5792, 1998 WL 211785, at *1 (6th Cir. 1998).

9

The Court will address the motions to dismiss in the order filed.[2]

E.    Barbara Wright's Motion to Dismiss [Doc. 24]

Defendant Barbara Wright is plaintiff's former mother-in-law and asserts several defenses in support of her motion to dismiss.  Defendant Wright notes that she was previously sued on November 2, 2012, by the plaintiff in the Circuit Court of Hamilton County, Tennessee, case number 12C1344 (hereinafter the "State Court case") [Doc. 24 at pp. 9—10].  That case was dismissed on November 26, 2012, on the grounds that it failed to state a cause of action upon which relief can be granted and was barred by the statute of limitations [Doc. 24 at p. 12].  Plaintiff appealed the case to the Tennessee Court of Appeals, case number E2012-02669-COA-R3-CV, but she failed to file a brief in support of her case despite being given an extension of time do so.  Accordingly, the Court of Appeals dismissed the appeal on June 14, 2013 [Doc. 24 at p. 14].

In the State Court case, plaintiff alleged that she called the police on November 2, 2010, because Defendant Wright was in plaintiff's yard cursing her [Doc. 24 at p. 9].

---

[2]All of the defendants' motions argue that the amended complaint should be dismissed for insufficient process and insufficiency of service of process.  They note, and the record reflects, that this case was originally filed on April 29, 2013, and the amended complaint was filed on May 24, 2013.  The record reflects that the plaintiff did not timely serve *any* of the defendants with process within 120 days as required by Fed. R. Civ. P. 4(m).  On March 17, 2014, nearly one year later, Judge Mattice ordered the plaintiff to show good cause by April 3, 2014, why the case should not be dismissed pursuant to Fed. R. Civ. P. 41(b) [Doc. 20].  On April 21, 2014, Judge Mattice ordered the plaintiff "to take the requisite steps to effectuate service of her Complaint upon Defendants **no later than May 12, 2014**" or the case would be dismissed [Doc. 22 (emphasis in original)].  The record also reflects that *none* of the defendants were served by May 12, 2014, as ordered by Judge Mattice, and further, that defendants John Baird and Tim Foster have never been served.  The plaintiff's failure to comply with the requirements of Fed. R. Civ. P. 4(m), after being given additional time to do so by Judge Mattice, provides further grounds to dismiss the amended complaint for failure to prosecute and failure to comply with the Court's orders.  Fed. R. Civ. P. 4(m), 41(b).

10

Plaintiff alleged that she had requested Defendant Wright to not come back to plaintiff's residence as Defendant Wright had previously exhibited hostility through cussing the plaintiff. Further, plaintiff alleged that Defendant Wright "collaborated with the police on more than one occasion to harass the plaintiff." [*Id.*] In the present case, plaintiff alleges that 911 calls that the police must follow up on came from a friend of Defendant Wright's and that telephone records indicate "over four thousand incoming calls" into Defendant Wright's residence [Doc. 5 at p. 2]. Plaintiff alleges that Defendant Wright harassed the plaintiff and her family repeatedly from 2001 to the present [*Id.* at p. 4]. She claims that "[t]he more than four thousand incoming calls into both Defendant Al Ball and Barbara Wright suggest conspiracy" [*Id.* at p. 5].

Defendant Wright argues that this case is barred by the doctrine of res judicata because there are no allegations that were not contained or could have been contained in the State Court case [Doc. 24 at p. 4]. Further, Defendant Wright argues that the complaint fails to state a claim upon which relief can be granted and is barred by the one-year statute of limitations in Tenn. Code Ann. § 28-3-104 [*Id.* at pp. 5—6]. Finally, Defendant Wright argues that the case should be dismissed for insufficient process and insufficient service of process due to the delay in service and that there is no diversity or federal question jurisdiction between these parties [*Id.* at p. 7].

The purpose of res judicata is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *See Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 401 (1981); *James v. Gerber Prods. Co.*, 587 F.2d 324, 327—28 (6th Cir. 1978). A final judgment on a claim is res

11

judicata and bars relitigation between the same parties or their privies on the same claim. *See Federated Department Stores*, 452 U.S. at 401; *Herendeen v. Champion Int'l Corp.*, 525 F.2d 130, 133 (2d Cir. 1975). It bars relitigation on every issue actually litigated or which could have been raised with respect to that claim. *See James*, 587 F.2d at 328.

State-court judgments are given the same preclusive effect under the doctrines of res judicata and collateral estoppel as they "would receive in courts of the rendering state." *ABS Indus., Inc. ex rel. ABS Litig. Trust v. Fifth Third Bank,* 333 F. App'x 994, 998 (6th Cir. 2009) (quoting *Ingram v. City of Columbus,* 185 F.3d 579, 593 (6th Cir. 1999)). In other words, "'[i]f an individual is precluded from litigating a suit in state court by the traditional principles of res judicata, he is similarly precluded from litigating the suit in federal court.'" *Id.* (quoting *Gutierrez v. Lynch,* 826 F.2d 1534, 1537 (6th Cir.1987)).

Res judicata requires this Court to give the same effect to the State Court judgment as would another Tennessee state court. 28 U.S.C. § 1738; *Marrese v. Am. Acad. of Orthopaedic Surgeons,* 470 U.S. 373, 380 (1985). The State of Tennessee bars under res judicata "all claims that were actually litigated or could have been litigated in the first suit between the same parties." *Am. Nat'l Bank & Trust Co. of Chattanooga v. Clark,* 586 S.W.2d 825, 826 (Tenn. 1979). Four elements must be established before res judicata can be asserted as a defense: (1) the underlying judgment must have been rendered by a court of competent jurisdiction; (2) the same parties were involved in both suits; (3) the same cause of action was involved in both suits; and (4) the underlying

judgment was on the merits. *Collins v. Greene County Bank,* 916 S.W.2d 941, 945 (Tenn. Ct. App. 1995) (citing *Lee v. Hall,* 790 S.W.2d 293, 294 (Tenn. Ct. App. 1990)).

The Court finds that plaintiff's claims against Defendant Wright are barred by the doctrine of res judicata. The State Court case involved the same parties, the same cause of action, and a judgment on the merits was rendered by a court of competent jurisdiction. There is no material difference in the allegations which indicate that they were not or could not have been litigated in the State Court case. Res judicata thus precludes the Court's review of the claims against Defendant Wright.

Moreover, the Court agrees that the amended complaint fails to state a claim against Defendant Wright upon which relief can be granted. All that plaintiff has alleged as to Defendant Wright is that she has "harassed" the plaintiff and her family for more than 12 years and that Defendant Wright is part of a vague conspiracy evidenced by the number of phone calls she has received. Even assuming, *arguendo*, that the alleged "harassment" and "conspiracy" constituted federal claims, plaintiff must allege more than these bare recitations to withstand a motion to dismiss. While notice pleading is certainly a liberal standard, the Supreme Court and the Sixth Circuit have made it clear that a recitation of key terms forming conclusory allegations, without more, is insufficient to survive a motion to dismiss. *See Twombly,* 550 U.S. at 570 ("[W]e do not require heightened fact pleading of specifics, but only enough *facts* to state a claim to relief that is plausible on its face." (emphasis added)); *Eidson v. Tenn. Dep't of Children's Servs.,* 510 F.3d 631, 634 (6th Cir. 2007) ("Conclusory allegations or legal conclusions

masquerading as factual allegations will not suffice."); *DIRECTV, Inc. v. Treesh,* 487 F.3d 471, 476 (6th Cir. 2007) (the court "need not accept as true legal conclusions").

Further, as noted *supra*, none of the statutory provisions included in the amended complaint give rise to a private cause of action. To the extent that plaintiff is asserting a constitutional violation under the 5th or 14th Amendments, the 5th Amendment restricts the actions of the federal government and the 14th Amendment restricts the activities of the states and their instrumentalities. *Scott v. Clay County, Tenn.*, 205 F.3d 867, 873 n.8 (6th Cir. 2000). As a private citizen, Defendant Wright cannot be liable for any constitutional violation. *See Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982) (the 14th Amendment "erects no shield against merely private conduct, however discriminatory or wrongful").

Accordingly, for all of these reasons, Defendant Wright's motion to dismiss [Doc. 24] will be **GRANTED**.

F.    Defendant Lizetta Eitner's Motion to Dismiss [Doc. 38]

Defendant Lizetta Eitner, named as Lizetta Paturalski in the amended complaint, has moved to dismiss the claims against her for failure to state a claim upon which relief can be granted. The amended complaint contains the following allegations against Defendant Eitner:

> Just after the last time the Plaintiff and her daughter went homeless, due to select citizens falsely accusing the Plaintiff and the using of police power to influence the landlord, Lizetta Paturalski, registrar of Signal Mountain High School, informed the Plaintiff, via a telephone call, her daughter would not be allowed to return to SMMS after the Christmas holiday. This is against Federal law to dismiss a student from school due to being homeless, aggravated by the registrars intent to cause harm.

14

[Doc. 5 at pp. 2-3.]  And the following:

> The Plaintiff documented, repeatedly through out [sic] the years, both Al Ball and Barbara Wright harassing her.  Knowing she was innocent the Plaintiff pled with every know [sic] authority, including Town Counsel [sic] Woman, Lizetta Paturalski, for relief, without any positive relief.

[Doc. 5 at p. 5.]

Thus, taking the allegations in the amended complaint as true, as the Court must when considering a motion to dismiss, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint"), plaintiff has alleged only that Defendant Eitner called her and told her that her daughter would not be allowed to return to school and that Defendant Eitner, as a member of the Town Council, did not respond to plaintiff's request for assistance. Defendant Eitner argues that these are merely conclusory allegations without sufficient factual content upon which a court could find a plausible inference of wrongdoing.  Defendant Eitner contends that plaintiff has not alleged a violation of any law by Defendant Eitner's actions or inactions as a member of the Town Council or as the school registrar.  Defendant Eitner also correctly notes that the amended complaint does not allege that the daughter was actually disenrolled from school or suffered any injury or that there is any basis for individual liability.  [Doc. 39.]

As noted above, plaintiff cannot assert any of the statutory claims listed in the amended complaint and any claim for conspiracy fails for vagueness.  To the extent that plaintiff is alleging a constitutional claim under the 5th or 14th Amendments, the amended complaint provides no guidance as to what those claims might be other than the

vague allegation of "abuse of police power."  It is unclear how Defendant Eitner could be liable for an abuse of police power in her capacity as a school registrar or as a member of the Town Council.  Moreover, a phone call and a refusal to provide assistance would hardly rise to the level of a constitutional violation even if supported by further facts.  But plaintiff has provided no "further factual enhancement" of her claims against Defendant Eitner and therefore her amended complaint fails to state a claim for relief that is plausible on its face.  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557).  Further, as noted *supra*, none of the statutory provisions cited in the amended complaint give rise to a private cause of action.

Accordingly, for all of these reasons, Defendant Eitner's motion to dismiss [Doc. 39] will be **GRANTED**.

G. Defendant Al Ball's Motion to Dismiss [Doc. 40]

Defendant Al Ball moves to dismiss the claims against him for several reasons: the complaint fails to state a claim for relief; lack of subject matter jurisdiction; insufficient process and service of process; and plaintiff cannot bring a *pro se* class action [Doc. 40].

The claims against Defendant Ball in the amended complaint are as follows:

(1)    "Subpoenaed records indicated Brandi and Wes Hicks are friends with Signal Mountain police, and all the other 911 calls, the police proclaim they must follow upon, came from a known friend of Katherine Cordell's ex mother in law, Barbara Wright, . . . Al Ball . . . .  Upon subpoenaing telephone records for Al Ball and Barbara Wright, Katherine found over four thousand incoming calls into both Al Ball and Barbara Wright's residences, whom shared limited common friends, except Susan Rothburger and John Baird."  [Doc. 5 at p. 2.]

(2)    "The Signal Mountain Police, Barbara Wright, and Al Ball harassed the Plaintiff and her family, repeatedly, from 2001 to present."  [*Id*. at p. 4.]

16

(3)    "Upon retrieving the 911 records, the Plaintiff discovered all the other 911 calls came from another resident, Al Ball, friend of Barbara Wright and also an ex neighbor to the Plaintiff.  The Plaintiff documented, repeatedly, through out [sic] the years, both Al Ball and Barbara Wright harassing her."  [*Id*. at p. 5.]

(4)    "The more than four thousand incoming calls into both Defendants Al Ball and Barbara Wright suggest conspiracy, and seem to be coming from employees of the Town of Signal Mountain."  [*Id.*]

(5)    "Al Ball is a retired school teacher.  Until the Plaintiff retrieved the telephone records, indicating the Wright's and Ball's [sic] were causing her the problems, she was completely perplexed about the schools causing her trouble. . . .  [*Id.*]

In short, plaintiff alleges that Defendant Ball called 911, that he was part of a conspiracy due to the large number of telephone calls he received, and that he harassed her from 2001 to the present.  Defendant Ball argues that these conclusory statements are not enough to meet the pleading requirements of Fed. R. Civ. P. 8(a).

While the amended complaint contains slightly more factual allegations against Defendant Ball than against Defendant Wright, *i.e.*, Defendant Ball called 911, the Court agrees that the amended complaint fails to state a claim against Defendant Ball upon which relief can be granted.  All that plaintiff has alleged as to Defendant Ball is that he called 911, that he has harassed the plaintiff and her family for more than 12 years, and that he is part of a vague conspiracy evidenced by the number of phone calls he has received.  As with the allegations against Defendant Wright, plaintiff must allege more than these bare recitations of "harassment" and "conspiracy" to withstand a motion to dismiss.  These conclusory allegations, without more, are insufficient to survive a motion

to dismiss. *See Twombly*, 550 U.S. at 570; *Eidson,* 510 F.3d at 634; *DIRECTV, Inc.*, 487 F.3d at 476.

Further, as noted *supra*, none of the statutory provisions included in the amended complaint give rise to a private cause of action. To the extent that plaintiff is asserting a constitutional violation under the 5th or 14th Amendments, the 5th Amendment restricts the actions of the federal government and the 14th Amendment restricts the activities of the states and their instrumentalities. *Scott*, 205 F.3d at 873 n.8. As a private citizen, Defendant Ball cannot be liable for any constitutional violation. *See Blum*, 457 U.S. at 1002. Providing information to the police via a 911 call does not expose a private individual to liability for actions taken "under color of law." *Moldowan v. City of Warren*, 578 F.3d 351, 399 (6th Cir. 2009). Further, as noted *supra*, none of the statutory provisions cited in the amended complaint give rise to a private cause of action.

Accordingly, for all of these reasons, Defendant Ball's motion to dismiss [Doc. 40] will be **GRANTED**.

H.     Defendant Susan Rothberger's Motion to Dismiss [Doc. 44]

Defendant Susan Rothberger, named as Susan Rothburger in the amended complaint, has moved to dismiss the claims against her on the grounds of: insufficient process and service of process; failure to state a claim upon which relief can be granted; the complaint is barred by the statute of limitations contained in Tenn. Code Ann. § 28-3-104; and lack of jurisdiction [Doc. 44].

As explained in her supporting memorandum [Doc. 45], there is only one arguably factual allegation regarding Defendant Rothberger in the amended complaint as follows:

18

"Upon subpoenaing telephone records for Al Ball and Barbara Wright, Katherine found over four thousand incoming calls into both Al Ball and Barbara Wright's residences, whom shared limited common friends, except Susan Rothburger [sic] and John Baird." [Doc. 5 at p. 2.]

The only other references to Defendant Rothberger in the amended complaint are the identification of her residence on Signal Mountain and the request for a judgment against her [*Id*. at pp. 3, 6]. Thus, casting this allegation in the most generous light possible, plaintiff has alleged only that Defendant Rothberger may have had telephone calls with Defendant Ball and/or Defendant Wright. There is no allegation of any harm, wrong, or injury caused by any act or omission of Defendant Rothberger. This is plainly insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557. To the extent that plaintiff is asserting a constitutional violation under the 5th or 14th Amendments, the 5th Amendment restricts the actions of the federal government and the 14th Amendment restricts the activities of the states and their instrumentalities. *Scott*, 205 F.3d at 873 n.8. As a private citizen, Defendant Rothberger cannot be liable for any constitutional violation. *See Blum*, 457 U.S. at 1002. Further, as noted *supra*, none of the statutory provisions included in the amended complaint give rise to a private cause of action.

Accordingly, for all of these reasons, Defendant Rothberger's motion to dismiss [Doc.44] will be **GRANTED**.

I.      Defendant William Cox's Motion to Dismiss [Doc. 47]

Defendant William Cox, District Attorney General for Hamilton County, has moved to dismiss the claims against him for failure to state a claim upon which relief can

be granted and insufficient service of process [Doc. 47]. As correctly set forth in his supporting memorandum [Doc. 48], the amended complaint contains no factual allegations against General Cox and he is only mentioned in the identification of his business address and in the request for judgment [Doc. 5 at pp. 3, 6]. The only arguable allegation against General Cox is as follows: "Throughout the years Katherine Cordell has written the District Attorney's Office, repeatedly, The Town of Signal Mountain, The Signal Mountain Police Chief, The Hamilton County Sherriff's office, the ACLU, ACLJ, TBI, and called the FBI, for assistance in stopping the harassment, without a single positive response, and without any relief." [Doc. 5 at p. 2.] This too is plainly insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557. Further, as discussed *supra*, none of the statutory claims cited in the amended complaint give rise to a private cause of action.

Even assuming that this single allegation could state a claim, any claim against General Cox is barred by the doctrine of prosecutorial immunity. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). General Cox has absolute immunity for any claim related to his decision whether to investigate or to prosecute. *See Alsenas v. City of Brecksville*, No. 99-4063, 2000 WL 875717, at *2 (6th Cir. 2000) (prosecutor is entitled to absolute immunity for decision not to prosecute); *Boone v. Kentucky*, 72 F. App'x 306, 307 (6th Cir. 2003) ("[t]he decision on whether or not to prosecute is unquestionably advocacy and is at the heart of the *Imbler* holding"); *Grant v. Hollenbach*, 870 F.2d 1135, 1139 (6th Cir. 1989) ("we hold the prosecutor immune from suit stemming from his decision to

20

investigate or not to investigate and to present the facts discovered in a judicial proceeding, including presentment to a grand jury").

Accordingly, because the amended complaint fails to state a claim upon which relief can be granted and because any such claim would be barred by the doctrine of absolute immunity, Defendant Cox's motion to dismiss [Doc. 48] will be **GRANTED**.

J.    Defendant Thomas Wyatt's Motion to Dismiss [Doc. 49]

Defendant Thomas Wyatt has moved to dismiss the claims against him on the following grounds: lack of subject matter jurisdiction; insufficient service of process; and failure to state a claim upon which relief can be granted [Doc. 49].    The factual allegations against Defendant Wyatt in the amended complaint are as follows:

> Thomas Wyatt represented Al Ball and is currently representing Brandi and Wes Hicks in the Appellate courts.    Thomas Wyatt, as per his own admission represented Al Ball for free, as a favor.    According to subpoenaed records, Tom Wyatt, also an ex neighbor to Katherine Cordell, possibly had knowledge Katherine Cordell was being harassed.    Thomas Wyatt did knowingly falsify information presented to the Circuit Courts.

[Doc. 5 at p. 2.]    The amended complaint also alleges that Defendant Wyatt "was a neighbor to the Plaintiff" during the period when her housing voucher was manipulated beginning in 1993 [*Id*. at p. 4].    In short, the allegations against this defendant is that he has represented some of the other defendants, one *pro bono*, that he is a former neighbor of the plaintiff and "possibly had knowledge" that she was being harassed, and that he falsified information to the Circuit Courts.

As set forth in his supporting memorandum [Doc. 50], Defendant Wyatt is a licensed attorney who represented Defendant Al Ball in a prior case filed by plaintiff

initially in the General Sessions Court of Hamilton County, Tennessee, and later appealed to the Hamilton County Circuit Court, case number 11C1307. Summary judgment was granted to Defendant Ball in that case and plaintiff's appeal was dismissed for failure to file a transcript or statement of the evidence. Plaintiff also previously sued Brandi and Wes Hicks, who are referred to as defendants in the amended complaint but who have never been served or appeared, in the General Session Court of Hamilton County. After a defense verdict, plaintiff appealed the case to the Hamilton County Circuit Court, case number 11C1375, where Defendant Wyatt appeared on behalf of Mr. and Mrs. Hicks. Summary judgment was granted to Mr. and Mrs. Hicks and plaintiff's appeal was dismissed for failure to file a brief.

The amended complaint does not allege that Defendant Wyatt participated in the alleged harassment of the plaintiff or her family. Plaintiff claims only that Defendant Wyatt, as a former neighbor, may have known about the alleged harassment. Even if true, this plainly fails to state a claim against Defendant Wyatt. As argued in Defendant Wyatt's memorandum, a claim for malicious harassment under Tennessee law requires proof that a person acted maliciously and "unlawfully intimidated another from the free exercise or enjoyment of a constitutional right by injuring or threatening to injure or coercing another person or by damaging, destroying or defacing any real or personal property of another person." *Washington v. Robertson County*, 29 S.W.3d 466, 473 (Tenn. 2000). The allegation that Defendant Wyatt had knowledge of harassment does not meet this standard.

Further, as noted above, private individuals acting alone do not act under color of state law. *See Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2003). The amended complaint does not allege how Defendant Wyatt, in his capacity as a private attorney, has acted under color of state law or how his private conduct of representing private individuals could constitute unconstitutional conduct. *See Blum*, 457 U.S. at 1002. Further, as discussed *supra*, none of the statutory provisions included in the amended complaint give rise to a private cause of action. These allegations thus fail to state a claim upon which relief can be granted.

Plaintiff alleges that Defendant Wyatt knowingly presented false information to the Hamilton County Circuit Court in the prior cases, but does not identify what information was allegedly false. Even if true, it is well settled that defamatory statements made by counsel in the course of a judicial proceeding are absolutely privileged "regardless of whether they are malicious, false, [or] known to be false." *Simpson Strong-Tie Co., Inc. v. Stewart, Estes & Donnell*, 232 S.W.3d 18, 23 (Tenn. 2007) (quoting *Jones v. Trice*, 360 S.W.2d 48, 54 (Tenn. 1962)); s*ee also Lambdin Funeral Serv. Inc. v. Griffith,* 559 S.W.2d 791, 792 (Tenn. 1978) ("It is generally recognized that statements made in the course of a judicial proceeding that are relevant and pertinent to the issues involved are absolutely privileged . . . even in those situations where the statements are made maliciously."). Thus, any statements made by Defendant Wyatt in the course of his representation of Defendant Ball and Mr. and Mrs. Hicks are absolutely privileged and cannot be a basis for libel.

For all of these reasons, the amended complaint fails to state a claim against Defendant Wyatt and his motion to dismiss [Doc. 49] will be **GRANTED**.

K.  Motion to Dismiss of Town of Signal Mountain, the Signal Mountain Police Department, and John Does [Doc. 54]

The Town of Signal Mountain, the Signal Mountain Police Department, and John Does whose identity is unknown but are alleged to be employees of the Town of Signal Mountain have filed a motion to dismiss [Doc. 54] the claims against them on the following grounds: the amended complaint fails to state a claim upon which relief may be granted; the Signal Mountain Police Department is a department of the Town of Signal Mountain and is not a proper party;[3] the claims are barred by the statute of limitations; insufficient process and insufficient service of process; and no valid claim exists against these defendants under 42 U.S.C. §§ 1983 or 1985 or any state law.

The amended complaint asserts the following claims against the Town of Signal Mountain and the Signal Mountain Police Department:

1. "Five times Katherine Cordell has been forced to move her Federal housing voucher, having no fault, and each time the Signal Mountain police were involved with her landlord, the latest move and abuse documented by the Plaintiff's most recent ex landlord." [Doc. 5 at p. 2.]

2. "Throughout the years Katherine Cordell has written the District Attorney's Office, repeatedly, The Town of Signal Mountain, The Signal Mountain Police Chief, The Hamilton County Sherriff's office, the ACLU, ACLJ, TBI, and called the FBI, for assistance in stopping the harassment, without a single positive response, and without any relief." [*Id.*]

---

[3] Defendants assert that the Signal Mountain Police Department is a department of the Town of Signal Mountain and therefore is not a proper party on its own [Doc. 54 at p. 2]. While that may be true, the mere conclusory legal argument in a motion, without supporting evidence from documents or affidavits, is insufficient for the Court to rule upon in considering a motion to dismiss.

3. "The Town of Signal Mountain has a reputation for harassing certain citizens." [*Id*. at p. 5.]

4. "The Signal Mountain Police, Barbara Wright, and Al Ball harassed the Plaintiff and her family, repeatedly, from 2001 to present. The Town of Signal Mountain, upon the requests of Shirley Willingham, the Plaintiff's landlord, began harassing the Plaintiff in 1993 by participating in the manipulation of her Federal Housing Voucher, while using police and court powers." [*Id*. at p. 4.]

5. "The nails were placed in the Plaintiff's driveway four days after she requested a list of telephone numbers used by the Signal Mountain police. …The request for telephone numbers used by Signal Mountain Police was made approximately April 1, 2012. The more than four thousand incoming calls into both Defendants Al Ball and Barbara Wright suggest conspiracy, and seem to be coming from employees of the Town of Signal Mountain." [*Id*. at p. 5.]

6. "Since 2001 the Signal Mountain police have frequented the Cordell residence, many time [sic] with pulled guns. The Signal Mountain Police have repeatedly pulled guns on the Cordell boys. Officers McCann and Coulter of the Signal Mountain police beat the Plaintiff's challenged son, while hogtied and sitting in the back seat of the police car, with a witness sitting in the front of the police car." [*Id*.]

Plaintiff also generally alleges an "Abuse of Police Power" that "is hampering her efforts to be a more successful parent." [*Id*. at p. 6.]

As defendants correctly point out in their supporting memorandum [Doc. 55], plaintiff cannot assert a claim on behalf of her family members. An action for deprivation of civil rights under 42 U.S.C. § 1983 belongs "to the party injured" and is "*personal* to the injured party." *Jaco v. Bloechle*, 739 F.2d 239, 241 (6th Cir. 1984) (emphasis in original). Thus, to the extent that plaintiff has asserted claims based on injuries to her children, those claims must fail. *See Smartt v. Grundy County, Tenn.*, 2002 WL 32058965 at *2 (E.D. Tenn. Mar. 26, 2002) ("[u]nder most circumstances,

individuals cannot assert claims based on violations of a family member's constitutional rights").

Plaintiff's allegations that she has unsuccessfully sought assistance from the Town of Signal Mountain and the police in stopping the alleged harassment are conclusory and fail to state a claim upon which relief can be granted. Similarly, the allegation that the Town of Signal Mountain "has a reputation" for harassing certain citizens fails to state a claim upon which relief can be granted. Plaintiff's allegation that the Signal Mountain Police "were involved with her landlord," without more, fails to state a claim upon which relief can be granted. The allegation that numerous telephone calls "seem to be coming from employees of the Town of Signal Mountain" and "suggest conspiracy," is speculative and, without more, fails to state a claim upon which relief can be granted. Further, a general allegation of "abuse of police power," without more, fails to state a claim upon which relief can be granted.

Next are the allegations that the Signal Mountain Police have harassed plaintiff repeatedly since 2001 and that the Town of Signal Mountain began harassing plaintiff in 1993 by manipulating her federal housing voucher. As noted above, even assuming, *arguendo*, that the alleged "harassment" constituted a federal claim, plaintiff must allege more than these bare recitations to withstand a motion to dismiss. Further, any claim for personal injury or harassment via a federal civil rights claim must be filed within one year pursuant to Tenn. Code Ann. § 28-3-104(a)(1) & (3). *Hughes v. Vanderbilt Univ.*, 215 F.3d 543, 547 (6th Cir. 2000); *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir.

1986).  Thus, to the extent that plaintiff has alleged a claim for injuries more than one year prior to the initiation of this case, those claims are time-barred.

That leaves only the allegation that, since 2001, the Signal Mountain Police have come to her residence with guns drawn.  Plaintiff does not describe when these alleged events occurred or give further detail as to why the police may have come to her home. Were there circumstances which would justify the police being present and guns being drawn?  This allegation, without more, is insufficient to state a claim against these defendants.  If these events occurred more than one year prior to the initiation of this case, they are time-barred.  Finally, none of the statutory provisions cited in the amended complaint give rise to a private cause of action.

Accordingly, for all of these reasons, the motion to dismiss filed by the Town of Signal Mountain and the Signal Mountain Police Department [Doc. 54] will be **GRANTED**.

L.     Motion to Dismiss of Sheriff Jim Hammond, Deputy David McCann, Deputy Clark Freeman, and Corporal Rick Wolfe [Doc. 67]

Defendants Sheriff Jim Hammond, Deputy David McCann, Deputy Clark Freeman, and Corporal Rick Wolfe, all officers of the Hamilton County Sheriff's Office,[4] have moved to dismiss the claims against them on the grounds that the amended complaint fails to state a claim upon which relief can be granted, that any claims are

---

[4]The individual officers and the department collectively are referred to in the amended complaint as Hamilton County Police.  However, the defendants' memorandum notes that they should be correctly referred to as members of the Hamilton County Sheriff's Office [Doc. 68 at p. 2].  The Court will therefore refer to them as such for the purposes of considering the instant motion.

time-barred, and that the amended complaint should be dismissed for insufficiency of process and insufficient service of process [Doc. 67].

The amended complaint contains the following allegations against these officers:

1. "Some of the citizens of Signal Mountain … and with the help of the … Hamilton County Police, have caused extreme and irreparable social, mental, emotional, and physical distress, as well as financial punitive damages to Katherine Cordell." [Doc. 5 at p. 1.]

2. "Recently, Hamilton County deputies, Officer's Freeman, and Wolfe, with help from Tony Poe, framed Katherine Cordell, attempting to destroy her reputation." [*Id*. at p. 2.]

3. "Hamilton County Officer Wolfe walked into Katherine Cordell's house, after being told he could not come in, and Freeman severely hurt Katherine's arms as he mock arrested her, in a blatant and obvious attempt to embarrass the Plaintiff." [*Id*.]

4. "Later, Freeman further harassed Katherine during a traffic stop as recorded on 911 records." [*Id*.]

5. "An unidentified Hamilton County police car attempted to run Katherine Cordell's vehicle off the road. This incident was reported to Hamilton County Internal Affairs by a witness riding in the car with the Plaintiff." [*Id*.]

6. "Officer McCann, and Tony Poe, gave alcohol to an under aged suicidal person, the same night this person came to Katherine Cordell's house for help." [*Id*.]

7. "Officer McCann, while on duty, has spent numerous hours at Tony Poe's resident [sic], a duplex connected to Katherine Cordell's residence." [*Id*.]

8. "Eventually, the Hamilton County Police began harassing the Plaintiff's family consistently." [*Id*. at p. 4.]

9. "Officers McCann and Coulter of the Signal Mountain Police beat the Plaintiff's challenged son, while hogtied and sitting in the back seat of the police car, with a witness sitting in the front of the police car." [*Id*. at p. 5.]

28

Plaintiff also generally alleges an "Abuse of Police Power" that "is hampering her efforts to be a more successful parent." [*Id*. at p. 6.]

As correctly pointed out in the defendant's supporting memorandum [Doc. 68 at p. 3], there are *no* allegations in the amended complaint concerning Sheriff Hammond. He is mentioned only in the identification of his business address [Doc. 5 at p. 4] and in the request for judgment [*Id*. at p. 6]. Thus, in the absence of *any* factual allegations of wrongdoing by Sheriff Hammond, the plaintiff has failed to state a claim against him and he should be dismissed from this case.

The plaintiff generally alleges that the Hamilton County Sheriff's Office has caused her "extreme and irreparable social, mental, emotional, and physical distress, as well as financial punitive damages." This conclusory allegation fails to state a claim upon which relief can be granted. Similarly, the allegations that the officers "began harassing" her or "framed" her "to destroy her reputation" are too general and conclusory to state a claim upon which relief can be granted. The allegation that Officer McCann has spent numerous hours at the home of plaintiff's neighbor, even if true, alleges no injury or effect on plaintiff whatsoever and therefore fails to state a claim upon which relief can be granted. The allegation that an unidentified Hamilton County police car attempted to run plaintiff off the road, without more, fails to state a claim upon which relief can be granted. Further, a general allegation of "abuse of police power," without more, fails to state a claim upon which relief can be granted.

The allegation that Officer McCann gave alcohol to another unidentified person fails to state a claim upon which this plaintiff can seek relief. Nor can the plaintiff seek

relief for the alleged beating of her son by Officer McCann, because any such action for deprivation of civil rights under 42 U.S.C. § 1983 belongs "to the party injured" and is "*personal* to the injured party." *Jaco*, 739 F.2d at 241. Thus, to the extent that plaintiff has asserted claims based on injuries to others, those claims must fail. *See Smartt*, 2002 WL 32058965 at *2.

This leaves the allegation that Officer Wolfe walked into plaintiff's home after being told not to come in, the allegation that Officer Freeman hurt plaintiff's arms as he mock arrested her, and that Officer Freeman later harassed plaintiff during a traffic stop. The lack of specificity in these allegations dooms their survival in the face of a motion to dismiss. Plaintiff does not state when these alleged events occurred or the circumstances surrounding them. Did the officers have a legitimate reason to enter her home? Were there exigent circumstances which would permit their entry in the absence of her consent? Was there a legitimate purpose to the traffic stop? What specific actions taken in the course of a traffic stop would constitute harassment? To the extent that these alleged events occurred more than one year prior to the initiation of this case, such claims are time-barred for the reasons set forth above. *Hughes*, 215 F.3d at 547; *Berndt*, 796 F.2d at 883. And, even if not time-barred, the conclusory nature of these allegations, without more, does not state a claim for relief and cannot withstand a motion to dismiss. Finally, none of the statutory provisions cited in the amended complaint give rise to a private cause of action.

Thus, for all of these reasons, the motion to dismiss by Sheriff Hammond and Officers McCann, Freeman, and Wolfe [Doc. 67] will be **GRANTED**.

M.    <u>Unserved Defendants</u>

The only remaining defendants in this action are unserved defendants John Baird, Tim Foster, and the "John Doe" defendants who allegedly control certain telephone numbers.  The Court finds, for the reasons set forth above, that it would be both a futile gesture and an uneconomical use of judicial resources to conduct further proceedings against the remaining unserved defendants when the amended complaint fails to state a claim for relief against them. *See Monk v. Bailey*, 2010 WL 4962960 at *4 (W.D. Mich. Oct. 28, 2010).  The Court may notice that a defense exists, is bound to be raised, and is certain to succeed when raised. *Buckley v. Fitzsimmons*, 20 F.3d 789, 793 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2)(B)(ii).

The sole allegation in the amended complaint against John Baird is the same as the sole allegation against Susan Rothberger, that is, that Defendant Baird may have had telephone calls with Defendant Ball and/or Defendant Wright.  [Doc. 5 at p. 2.]  As with the allegation against Defendant Rothberger, this is plainly insufficient to state a claim for relief and Defendant Baird will be **DISMISSED** from this case.  The Court can find no reference to Tim Foster in either the original complaint or the amended complaint and thus, to the extent that Mr. Foster is in fact a party defendant, the claims against him will be **DISMISSED**.  Finally, with respect to the "John Doe" defendants, the amended complaint alleges only that they called Defendants Ball and/or Wright.  Even if true, this is plainly insufficient to state a claim for relief and the claims against the "John Doe" defendants will be **DISMISSED**.

## III.    Conclusion

For all the reasons set forth herein, the plaintiff's motion to amend [Doc. 56] will be **DENIED** and the defendants' motions to dismiss [Docs. 24, 38, 40, 44, 47, 49, 54, and 67] will be **GRANTED**.  This case will be **DISMISSED**.  An appropriate order will be entered.

        s/ Thomas W. Phillips
     SENIOR UNITED STATES DISTRICT JUDGE